UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A.A., et al.,

          Plaintiffs,

     v.

META PLATFORMS, INC.,

          Defendant.

Case No.  25-cv-08852-JSC

**ORDER TO SHOW CAUSE RE: EXERCISE OF CAFA JURISDICTION**

Plaintiffs, on behalf of themselves and a putative class, bring claims against Defendant under California law alleging Defendant recorded Plaintiffs' activities on a website that sells treatment and medications for sexual and reproductive health.  (Dkt. No. 1-1.)[1]  Defendant removed the action to federal court, alleging this Court has jurisdiction under the Class Action Fairness Act ("CAFA").  (Dkt. No. 1 ¶¶ 8-23.)  In support of CAFA jurisdiction, Defendant alleges the putative class has thousands of individuals, there is minimal diversity because "at least one member of the purported class is a citizen of a state other than Delaware or California," and the amount in controversy exceeds $5 million.  (*Id.* ¶¶ 10-23.)

The Court ORDERS the parties to show cause as to why the local controversy exception or the home state exceptions to CAFA jurisdiction do not apply to this case.  "Under the local controversy exception, a district court 'shall' decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state."  *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020) (quoting 28

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

U.S.C. § 1332(D)(4)(A)). Similarly, under the "mandatory home state exception," the Court "shall" decline to exercise jurisdiction where the primary defendants and putative class members are citizens of the state in which the action was originally filed. *Adams*, 958 F.3d at 1220 (citing 28 U.S.C. § 1332(d)(4)(B)). And under the "discretionary home state exception," a district court "may" decline to exercise jurisdiction if the primary defendants and one-third of class members are citizens of the state where the action was originally filed. *Adams*, 958 F.3d at 1220 (quoting 28 U.S.C. § 1332(d)(3)). "[A] district court may raise sua sponte an exception to CAFA jurisdiction." *Adams*, 958 F.3d at 1224.

The Court's review of the Complaint and the Notice of Removal supports an inference these exceptions to CAFA jurisdiction apply. Plaintiffs are California citizens, Defendant is a citizen of Delaware and California, and the putative class is defined as "all persons in the state of California" whose information Defendant recorded. (Dkt. No. 1 ¶ 15; Dkt. No. 1-1 ¶¶ 8, 9, 70.) So, the CAFA exceptions likely apply because the sole defendant is a California citizen, the invasions of privacy occurred in California, and the class's exclusive composition of "persons in … California" suggests at least 33% or 66% of class members are California citizens. Defendant does not allege the citizenship composition of class members, except that "at least one member of the putative class is a citizen of a state other than Delaware or California." (Dkt. No. 1 ¶ 18.) When the parties estimate a class size of "thousands," (*id.* ¶ 23; Dkt. No. 1-1 ¶ 74), an allegation "at least one" class member is not a California citizen is not enough to show the exceptions to CAFA do not apply.

In light of the above, the parties are ORDERED TO SHOW CAUSE as to how the local controversy exception or the home state exceptions to CAFA jurisdiction do not apply to this case. Defendant shall file a written response to this Order by **February 6, 2026.** Plaintiff shall file a response by **February 13, 2026.** The Court VACATES the January 29, 2026 hearing on Defendant's motion to dismiss and will advise the parties as to a future hearing date if the Court determines it can exercise CAFA jurisdiction in the circumstances of this case.

//

//

2

**IT IS SO ORDERED.**

Dated: January 26, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge