UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| A.A., et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>META PLATFORMS, INC.,<br><br>          Defendant. | Case No.  25-cv-08852-JSC<br><br>**ORDER RE: EXERCISE OF CAFA JURISDICTION**<br><br>Re: Dkt. No. 25 |

Plaintiffs, on behalf of themselves and a putative class, bring claims against Defendant under California law alleging Defendant recorded Plaintiffs' activities on a website that sells treatment and medications for sexual and reproductive health.  (Dkt. No. 1-1.)[1]  Defendant removed the action to federal court, alleging this Court has jurisdiction under the Class Action Fairness Act ("CAFA").  (Dkt. No. 1 ¶¶ 8-23.)  Plaintiffs are California citizens, Defendant is a citizen of Delaware and California, and the putative class is defined as "all persons in the state of California" whose information Defendant recorded.  (Dkt. No. 1 ¶ 15; Dkt. No. 1-1 ¶¶ 8, 9, 70.)

Given the potential lack of diversity of citizenship among the parties, on January 26, 2026, the Court issued an Order to Show Cause requiring the parties brief the issue of "how the local controversy exception or the home state exceptions to CAFA jurisdiction do not apply to this case." (Dkt. No. 25 (citing 28 U.S.C. § 1332(d)(3), (4)).)  Defendant's response to the Order argued "even where a court raises the exceptions [to CAFA] sua sponte, the party seeking remand still bears the burden of making an evidentiary showing" regarding the exceptions,[2] and Plaintiffs

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.
[2] There is no "party seeking remand" here because no party has filed a motion challenging jurisdiction and the Court is raising the issue of CAFA jurisdiction sua sponte.  Defendant's cited

have not carried their burden. (Dkt. No. 26 at 5.) Plaintiffs indicated the Court should continue to exercise CAFA jurisdiction because the parties and the Court do not have evidence sufficient to permit findings regarding class members' citizenship, and Plaintiffs "must avail themselves of discovery to obtain such information." (Dkt. No. 27 at 2.)

The Court agrees with Plaintiffs' response. Although the CAFA exceptions are not jurisdictional, one of the exceptions is mandatory because it provides the Court "shall decline to exercise jurisdiction" if certain conditions are met. *See* 28 U.S.C. § 1332(d)(4). But the parties have not had the opportunity to conduct meaningful discovery into class members' citizenship, so any findings on citizenship, on the record before the Court, would be made without sufficient evidence. *See Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1219 (9th Cir. 2020) (noting the district court permitted CAFA jurisdictional discovery and affirming remand order).

Accordingly, the Court sets a case management conference for April 1, 2026 at 2:00 p.m. by Zoom video. The parties shall file a joint statement one week in advance that includes a plan and deadlines for discovery into class members' citizenship for purposes of establishing whether the CAFA exceptions apply.

**IT IS SO ORDERED.**

Dated: March 3, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

Ninth Circuit cases involved situations where the district court analyzed CAFA in ruling on a party's motion. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013) (addressing a motion to remand which asserted the local controversy exception); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007) (same); *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1219 (9th Cir. 2020) (addressing a motion to remand for which the district court ordered supplemental briefing on the home state exception); *Kuxhausen v. BMW Financial Servs. NA LLC*, 707 F.3d 1136, 1138–39 (9th Cir. 2013) (addressing a motion to remand); *King v. Great American Chicken Corp., Inc.*, 903 F.3d 875, 877 (9th Cir. 2018) (same).

2