**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (*pro hac vice*)
701 Brickell Ave., Suite 2100
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 676-9006 Email:
swestcot@bursor.com
sbeck@bursor.com

**STERLINGTON, PLLC**
Arturo Peña Miranda (State Bar No. 325108)
Jennifer Czeisler (*pro hac vice* forthcoming)
Edward Ciolko (*pro hac vice* forthcoming)
228 Park Ave. South, #97956
New York, New York 10003 Telephone:
(212) 433-2993
Email: arturo.pena@sterlingtonlaw.com
jen.czeisler@sterlingtonlaw.com
edward.ciolko@sterlingtonlaw.com

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| A.A. and C.M., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 3:25-cv-08852-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 1, 2026<br>Time: 2:00 p.m. (Videoconference)<br>Hon. Jacqueline Scott Corley |

Plaintiffs A.A. and C.M. ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta" and together with Plaintiffs, the "Parties"), by and through their respective counsel, hereby respectfully submit this Joint Case Management Statement related to Jurisdictional Discovery pursuant to the Court's Order re Exercise of CAFA Jurisdiction in advance of the Case Management Conference set for April 1, 2026 at 2:00 p.m. via videoconference.  Dkt. 28.

## I.    PARTIES' POSITION

The parties met and conferred on Friday, March 20, 2026 regarding potential citizenship discovery.  After meeting and conferring, the parties believe that even if they were to "conduct meaningful discovery into the parties' citizenship," Dkt. 28, information is likely not available from which the Court could make findings regarding the citizenship of the class. The parties agree that the most relevant data is likely to come from Wisp, a third party. However, any class-wide information from Wisp would only be helpful in determining putative class member residency, and would likely not allow the Court to make citizenship findings (because residence is not equivalent to citizenship).

As the Court recognized, "any findings on citizenship" of a class for the purpose of CAFA exceptions must be made based on "sufficient evidence."  Dkt. 28 at 2 (citing *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1219 (9th Cir. 2020)).  First, a court must have "'some facts in evidence' regarding the size of the entire class," because it must be able to conclude that the relevant fraction of that number either is or is not citizens of the target state.  *Brinkley v. Monterey Fin. Servs.*, 873 F.3d 1118, 1122 (9th Cir. 2017).  Second, there must be some facts from which a court can plausibly infer class members' citizenship.  Courts have credited evidentiary records with a high percentage of residential addresses in the relevant state, plus some other factor indicating that many of those residents are likely citizens of the state for jurisdictional purposes.  In *Adams*, for example, the Ninth Circuit affirmed a finding that the requisite portion of the class were California citizens where (1) 90% of class members had last-known addresses in California, and (2) plaintiff submitted a sworn declaration with facts indicating that many, if not most, of the employees at issue would be United States citizens (as required for jurisdictional state citizenship).  *See* 958 F.3d at 1222-23.  Other courts have looked to "plus factors" such as the nature of the

JOINT CASE MANAGEMENT STATEMENT RE
JURISDICTIONAL DISCOVERY
CASE NO. 3:25-cv-08852-JSC

defendant's business and whether many of the plaintiffs would likely intend to remain in the area, such that the state would be their permanent domicile. *Compare, e.g.*, *In re Scripps Health Data Sec. Breach Litig.*, 581 F. Supp. 3d 1225, 1230-31 (S.D. Cal. 2022) (96% of putative class members had mailing addresses in California, and class consisted of patients of a traditional healthcare provider who were likely local to the area), *with Ali v. Setton Pistachios of Terra Bella Inc.*, 2021 WL 389659, at *3-4 (E.D. Cal. Feb. 4, 2021) (even where "98.42% of the putative class had California addresses based on the National Change of Address system," that was not sufficient for a CAFA exception where "many of them are seasonal workers, employed with Defendant for a few months a year").

Given the nature of Plaintiff's allegations, jurisdictional discovery is unlikely to yield either type of evidence here. First, jurisdictional discovery is unlikely to yield evidence about the size of the class. Plaintiffs' putative class is defined by reference to Wisp—each class member must have "purchas[ed] [a] product" on Wisp's "[w]ebsite" in California. Dkt. 1-1 ¶ 70. Plaintiffs' putative class does not require members to be Meta users. The parties do not know whether Wisp has data about the locations of persons who purchased products on its website, as needed to determine which purchasers were in California at the time they bought a product.[1]

Moreover, even third-party jurisdictional discovery is unlikely to yield evidence about class members' citizenship. If Wisp does have address information approximating residence, it is unclear how the parties could collect data approximating "plus" information that could bridge the gap between residence and citizenship. Nor could the Court rely on any assumption of local presence based on the online nature of Wisp's services.

*Jones v. Tonal Systems* is instructive. There, as here, plaintiffs alleged a class of "persons" in California who interacted with a website. The court denied jurisdictional discovery, based on

---

[1] Plaintiffs expressly reserve all arguments regarding the geographic composition of the class for purposes of class certification, and do not concede that class member location data is unavailable through electronic records or other means, including but not limited to data from Wisp and Meta. Further, Plaintiffs contend that such location data will ultimately not be necessary to certify a class bringing a claim under CIPA §632, as there is nothing in the plain text of the statute to suggest a geographic limitation. *See Frasco v. Flo Health, Inc.*, 349 F.R.D. 557, 587 (N.D. Cal. 2025). Meta disputes that class member location data is available. Meta also disagrees with Plaintiffs' reading of Section 632, and to the extent Plaintiffs are suggesting their class is not subject to a geographic limitation, that simply underscores the potential presence of non-California citizen class members.

its observations that even the hypothetical best information available (IP addresses and residential addresses) "would still invite the court to speculate" about class members' citizenship, and that such discovery would require third-party subpoenas that "would at least begin to resemble the sort of burdensome undertaking disfavored by the CAFA statute." 2024 WL 400182, at *3-4 (S.D. Cal. Feb. 2, 2024). The same is true here. Wisp is not a party to this action, and even determining whether it has relevant information on potential class members would require third-party discovery. And even if it had class-wide information that could approximate residence, it is unlikely to have information that could allow the court to make findings about *citizenship*.

Accordingly, this Court may continue to exercise its jurisdiction. In *Jones*, after denying jurisdictional discovery as futile, the federal court continued to exercise jurisdiction even though it had not made factual findings regarding the citizenship of the class. *See* 2024 WL 400182, at *4. In *Mirmalek v. Los Angeles Times*, too, the court continued to exercise jurisdiction without making factual findings regarding the class's citizenship—after court-ordered jurisdictional discovery, the parties informed the court that "Plaintiff does not anticipate renewing her Motion to Remand," and the case proceeded in federal court. *See* Order (Dkt. 21), *Mirmalek v. Los Angeles Times*, No. 3:24-cv-01797-CRB (N.D. Cal. Aug. 21, 2024). The same result should follow here.

For the foregoing reasons, the parties respectfully request this Court decline to order jurisdictional discovery and continue to exercise its jurisdiction.

Dated: March 25, 2026

**BURSOR & FISHER, P.A.**

*/s/ Stephen A. Beck*
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (*pro hac vice*)
701 Brickell Ave., Suite 2100
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 676-9006 Email:
swestcot@bursor.com
sbeck@bursor.com

**STERLINGTON, PLLC**
Arturo Peña Miranda (State Bar No. 325108)
Jennifer Czeisler (*pro hac vice* forthcoming)
Edward Ciolko (*pro hac vice* forthcoming)

228 Park Ave. South, #97956
New York, New York 10003 Telephone: (212) 433-2993
Email: arturo.pena@sterlingtonlaw.com
jen.czeisler@sterlingtonlaw.com
edward.ciolko@sterlingtonlaw.com

*Counsel for Plaintiffs*

Dated: March 25, 2026                    Respectfully submitted,


/s/ Melanie M. Blunschi
Melanie M. Blunschi (Bar No. 234264)
 *melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (Bar No. 304635)
 *kristin.whitehead@lw.com*
Catherine A. Rizzoni (Bar No. 322267)
 *cat.rizzoni@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Margaret A. Upshaw (*pro hac vice*)
 *maggie.upshaw@lw.com*
Ruth Hirsch (*pro hac vice*)
 *ruth.hirsch@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant
Meta Platforms, Inc.*

**SIGNATURE ATTESTATION**

I, Melanie M. Blunschi, am the ECF User whose identification and password are being used to file the foregoing Joint Case Management Statement re Jurisdictional Discovery. Pursuant to Civil L.R. 5-1(i)(3) regarding signature, I attest that concurrence in the filing of this document has been obtained.

Dated: March 25, 2026

                                                                  /s/ Melanie M. Blunschi
                                                                  Melanie M. Blunschi