**STERLINGTON, PLLC**
Arturo Peña Miranda (State Bar No. 325108)
Jennifer Czeisler (*pro hac vice* forthcoming)
Edward Ciolko (*pro hac vice* forthcoming)
228 Park Ave. South, #97956
New York, New York 10003
Telephone: (212) 433-2993
Email: arturo.pena@sterlingtonlaw.com
jen.czeisler@sterlingtonlaw.com
edward.ciolko@sterlingtonlaw.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (admitted *pro hac vice*)
701 Brickell Ave., Suite 2100
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

A.A. and C.M., individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:25-cv-08852-JSC

**PLAINTIFFS' RESPONSE IN OPPOSITION TO META PLATFORMS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**

Date: July 31, 2026
Time: 9:00 a.m.
Ctrm: Courtroom 8, 19th Floor
Judge: Hon. Jacqueline Scott Corley

In seeking leave to file a sur-reply on Plaintiffs' motion for leave to amend, Defendant Meta Platforms, Inc. ("Meta") addresses Plaintiffs' argument that their claim under the federal Wiretap Act, 18 U.S.C. § 2511, gained renewed force following the California Supreme Court's decision in *J.M. v. Illuminate Education Inc.*, 19 Cal. 5th 705, 723 (2026). Meta characterizes this as a new argument warranting a sur-reply, contending that Plaintiffs "did not even mention *J.M.* in their opening motion." (Dkt. No. 49-1 at 1.) Although Plaintiffs cited *J.M.* for the first time in reply, they did so as a direct response to Meta's opposition—not as a new and independent ground for relief.

Meta's opposition accused Plaintiffs of deliberately abandoning the Wiretap Act claim, sitting on it during jurisdictional proceedings, and attempting to revive it in bad faith after extensive delay. (Dkt. No. 47 at 8–9.) Plaintiffs' reply answered that accusation by explaining that counsel had reassessed the claim following the California Supreme Court's May 14, 2026 decision in *J.M.* (Dkt. No. 48 at 7–11.) That response was directed to the issues of delay and good faith that Meta itself placed squarely in dispute.

Meta therefore has not identified the type of new matter contemplated by Civil Local Rule 7-3(d). That Rule generally prohibits the filing of additional memoranda after a reply without prior Court approval. Its express exception for new evidence submitted with a reply permits a party to file an objection to the evidence; it does not ordinarily authorize another merits brief. Plaintiffs submitted no new declaration, exhibit, or other evidence with their reply. They cited a published judicial decision while responding to Meta's opposition argument concerning Plaintiffs' litigation conduct and counsel's assessment of the claim.

Meta's administrative motion also eliminates any conceivable concern that Meta lacked an opportunity to address *J.M.* Meta attached a proposed four-page sur-reply presenting its full position as to why it believes *J.M.* is distinguishable. (Dkt. No. 49-1.) The Court therefore already has Meta's argument before it and may evaluate the significance of *J.M.* without authorizing an additional filing.

Regardless, Meta's proposed sur-reply raises accusations unrelated to *J.M.*: a Rule 11 argument, (Dkt. No. 49-1 at 2); the Wiretap Act theory in *Buchholz v. LeanRx*, No. 5:26-cv-00846-EJD (N.D. Cal.), (*id.* at 2 n.1); the CMIA theory in *Doe v. GoodRx Holdings, Inc.*, 2025 WL 2052302 (N.D. Cal. July 22, 2025), (*id.* at 3–4); and the alleged absence of a private right of action against

Meta under the CMIA, (*id*.). None bears on the crime-tort exception as applied to *these* parties in *this* case. Those cases concern pleadings filed for different clients, involved different defendants, different healthcare providers, and different factual circumstances. Meta also mischaracterizes Plaintiffs' counsel as the "same firm" (*id*. at 1, 3): Plaintiffs are represented by two firms, and their positions reflect the collective judgment of different counsel—including counsel not involved in *GoodRx* or *Buchholz*.

In any event, Meta errs in dismissing *J.M.* as a "facially meritless excuse." *Id*. at 1. Meta is correct that in rejecting an actual viewing requirement from the CMIA, *J.M.* interpreted Section 56.101(a) of the CMIA and that Plaintiffs' proposed amended complaint does not cite to that provision. *See id*. at 2–3. But as Meta is surely aware, plaintiffs have primarily invoked Section 56.101 in pixel privacy litigation, where the actual viewing requirement has presented obstacles for the claim. *See, e.g.*, *Roe v. Amgen Inc.*, No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482, at *5 (C.D. Cal. June 5, 2024) (dismissing a CMIA Section 56.101(a) claim in a case involving Meta trackers because disclosure to ad-tech companies for targeted advertising, standing alone, was not a "sufficient factual allegation" that satisfied the actual viewing requirement); *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1064 (C.D. Cal. 2024) (allegation that defendant's installation of the Meta Pixel on its website caused sensitive information to be divulged to unauthorized third parties was insufficient to satisfy the actual viewing requirement).

What is more, CMIA doctrine is not as clear-cut as Meta suggests. Some trial courts have read an actual viewing requirement onto the CMIA more generally, or onto one of its core prohibitions in Section 56.10(a)—a provision that Plaintiffs' proposed amended complaint does cite to and rely on. *See, e.g.*, *Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1129 (S.D. Cal. 2023) (dismissing CMIA claim premised on both Sections 56.10(a) and 56.101(a) where the allegations did not support an inference that the plaintiffs' "medical information has been viewed by an unauthorized party"); *Barbour v. John Muir Health*, No. C22-01693, 2023 WL 2618967, at *5 (Cal. Super. Jan. 05, 2023) (Meta Pixel case sustaining demurrer because "[l]iability under CMIA requires an actual confidentiality breach—that the 'medical information was actually viewed by an unauthorized person;' *otherwise, no injury and no remedy exists*" (emphasis added)). Such doctrinal

conflation raised reasonable doubt as to whether a federal Wiretap Act claim was viable, especially because the CMIA provisions the proposed amended complaint does cite—those in Section 56.36—themselves turn on what the CMIA prohibits more generally. *See, e.g.*, Cal. Civ. Code § 56.36(c)(5) (imposing liability on "[a] person or entity who is not permitted to receive medical information pursuant to this part"—i.e., the CMIA—"and who knowingly and willfully obtains, discloses, or uses medical information without written authorization"); *see also Heller v. Norcal Mutual Insurance Co.*, 8 Cal. 4th 30, 38 (1994) (Sections 56.35 and 56.36 "provide remedies for violations of the act"). *J.M.* confirmed that the actual-viewing requirement is not the standard under Section 56.101. Because some courts had extended that requirement across the CMIA—including to provisions Plaintiffs rely on—*J.M.*'s rejection of that rule gave Plaintiffs' counsel a good-faith basis to reassess the claim.

In short, *J.M.* was a good-faith response to Meta's own bad-faith charge, not a new argument requiring a sur-reply. To the extent the Court considers Meta's arguments, they provide no basis to deny leave to amend.

Dated: July 20, 2026

Respectfully submitted,

**STERLINGTON, PLLC**

By: */s/ Arturo Peña Miranda*

Arturo Peña Miranda (State Bar No. 325108)
Jennifer Czeisler (*pro hac vice* forthcoming)
Edward Ciolko (*pro hac vice* forthcoming)
228 Park Ave. South, #97956
New York, New York 10003
Telephone: (212) 433-2993
Email: arturo.pena@sterlingtonlaw.com
jen.czeisler@sterlingtonlaw.com
edward.ciolko@sterlingtonlaw.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (admitted *pro hac vice*)
701 Brickell Ave., Suite 2100
Miami, FL 33131-2800
Telephone: (305) 330-5512

Facsimile: (305) 676-9006
Email: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiffs*