United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A., et al.,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 25-cv-08852-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 43, 49 |

Plaintiffs A.A. and C.M., on behalf of themselves and a putative class, bring claims against Defendant Meta Platforms, Inc., alleging Defendant recorded Plaintiffs' activities on a website that sells treatment and medications for sexual and reproductive health. (Dkt. No. 1-1.)[1] Pending before the Court is Plaintiffs' Motion for Leave to File a First Amended Class Action Complaint ("FAC"). (Dkt. No. 43.) After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Plaintiffs' motion for the reasons set forth below.

## BACKGROUND

### I. RELEVANT COMPLAINT ALLEGATIONS

Plaintiffs are "California residents who maintain a Facebook account and who accessed and used www.hellowisp.com … to purchase over-the-counter and prescription medications." (Dkt. No. 1-1 ¶ 1.) The website is run by Wisp, a healthcare provider, and "represents that patients can access 'healthcare[.]'" (*Id.* ¶ 2.) "Plaintiffs and class members provided their

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

personal information, including health conditions for which they were seeking treatment, when browsing for and purchasing medications on the Website with the expectation that this information would remain confidential and private." (*Id.* ¶ 7.)

Defendant operates Facebook and offers tools for advertisers to collect data on websites. The tool at issue here is the Facebook Tracking Pixel, a "software script" that "tracks the people and type of actions they take" on websites. (*Id.* ¶ 33, 34.) Defendant "encourages advertisers, like Wisp, to integrate" tools like the Pixel into their websites. (*Id.*)

As alleged, the Pixel tool tracks a visitor's "actions on a website," which are called "events," and these "events" essentially describe the action taken. "The tracked information includes private data revealing prescribed medications purchased by consumers on the Website." (*Id.* ¶ 36.) For example, "[t]hrough the Facebook Tracking Pixel, Defendant intercepted and recorded 'AddtoCart' and 'SubscribedButtonClick' events, which detail information about which products the patient was purchasing on the website" and "notify[] Facebook that the medication was purchased." (*Id.* ¶¶ 42, 44.) Other examples of "events" include "hellowisp," "birthcontrol," and "tri-sprintec." (*Id.* ¶ 43.) The events are written as code sent to Facebook's servers, which looks like this:

United States District Court
Northern District of California

United States District Court
Northern District of California

**Figure 1:**



"status": "COMPLETE",
"method": "GET",
"protocolVersion": "HTTP/2.0",
"scheme": "https",
"host": "www.facebook.com",
"actualPort": 443,
"path": "/tr/",
"query": "id=253897343916108&ev=AddToCart&dl=https%3A%2F%2Fhellowisp.com%2Fproducts%2Ftri-sprintec-birth-control%3Fflow%3Dopen&rl=&if=false&ts=17[illegible]%22HL2-OT-SH%22%2C%22TSP3-SUB-SH%22%2C%22OM1-A-SUB-SH%22%5D&cd[value]=158.66&cd[currency]=USD&sw=1920&sh=1080&v=2.9.153&r=stable&a=tmSimo-GTM-WebTemplate&ec=13&o=4126&fbp=fb.1.1713302395193.221102072&ler=empty&cdl=API_unavailable&it=1713302395143&coo=false&tm=1&rqm=GET",
"tunnel": false,
"keptAlive": true,
"webSocket": false,
"remoteAddress": "www.facebook.com/31.13.67.35",
"clientAddress": "/127.0.0.1",
"clientPort": 53981,
"times": {
"start": "2024-04-16T17:22:23.355-04:00",
"requestBegin": "2024-04-16T17:22:23.355-04:00",
"requestComplete": "2024-04-16T17:22:23.356-04:00",
"responseBegin": "2024-04-16T17:22:23.364-04:00",


**Figure 2:**



"name": ":method",
"value": "GET"
},
{
"name": ":authority",
"value": "www.facebook.com"
},
{
"name": ":scheme",
"value": "https"
},
{
"name": ":path",
[illegible]
id=1863436503950868&ev=SubscribedButtonClick&dl=https%3A%2F%2Fhellowisp.com%2Fcheckout&[illegible]l=&if=false&ts=1713303085392&sw=1920&sh=1080&udff[em]=fcb1303ed96777298d2f4ee5aba933364beb5028c502d111517c022cb[illegible]d644f40bdcc8f7ae00e89a4ae4fbc44031c4bc27e54dd4bcb9773&udff[ln]=c1d35cc3471fe509203d65b3e7a53fc82337ac9ae2c797b836621f706fe37df8&udff[ph]=4b46886d094c51dd5db53e610d6e652d322b29097dfb316eb1c1bb358d65952e&udff[ct]=c55ec4bbe9c7c1614204f286194b109010ca0680f41325ec1a82302a34b4f3f7&udff[zp]=3fa77ea8f0527c6f0419f4eb9bae514e94a0f190a4a7e84a59f6f44a3c922551&v=2.9.153&r=stable&a=tmSimo-GTM-WebTemplate&ec=52&o=7198&fbp=fb.1.1713302395193.221102072&ler=empty&cdl=API_unavailable&it=1713302395143&coo=false&es=automatic&tm=3&rqm=GET"
},
{
"name": "sec-ch-ua",
"value": "\"Google Chrome\";v=\"123\", \"Not:A-Brand\";v=\"8\", \"Chromium\";v=\"123\""
},
{
"name": "sec-ch-ua-mobile",
"value": "?0"


(*Id.* ¶¶ 40-42.)

## II. PROCEDURAL HISTORY

### A. Plaintiffs' Prior Suit Against Meta and Wisp

In August 2024, Plaintiffs filed suit in this court against Meta Platforms, Inc. and Wisp, Inc., bringing claims under (1) California's Confidentiality of Medical Information Act ("CMIA"), (2) Section 631 of the California Invasion of Privacy Act ("CIPA"), (3) CIPA Section 632, and (4) the California Constitution. (*A.A., et al. v. Wisp, Inc.*, Case No. 24-cv-05733-JSC, Dkt. No. 1.)

Plaintiffs subsequently amended their complaint twice. In November 2024, Plaintiffs

amended their complaint to add two new claims, one for negligence and one for wiretapping in violation of 18 U.S.C. § 2511(1). (*Id.*, Dkt. No. 38.) Then, in February 2025, Plaintiffs' Second Amended Complaint brought new allegations but under the same six causes of action as the prior complaint. (*See generally id.*, Dkt. No. 55.)

Plaintiffs voluntarily dismissed the case on May 23, 2025, just four days before Meta's motion to dismiss was due. (*Id.*, Dkt. Nos. 62, 64.)

**B. The Instant Suit**

On August 12, 2025, nearly three months after they dismissed the prior suit, Plaintiffs again filed suit against Meta, this time in state court. (Dkt. No. 1-1.) Defendant removed the case roughly two months later, then moved to dismiss Plaintiffs' complaint a week later. (Dkt. Nos. 1, 13.) Defendant's motion argued, among other things, several of Plaintiffs' causes of action did not state a claim because Plaintiffs consented to Meta's Terms of Service, Privacy Policy, and Cookies Policy.

At the hearing on Defendant's motion on May 8, 2026, the Court suggested the parties resolve the issue of whether Plaintiffs consented to Meta's policies through summary judgment, as opposed to judicial notice on a motion to dismiss. (*See, e.g.*, Dkt. No. 40 at 4:9-10.) The Court emphasized it would be more efficient to address consent on a motion for summary judgment rather than granting a motion to dismiss on the ground Plaintiffs consented to the policies at issue. (*See id.* at 10:21-24 ("I could grant it, and [with] leave to amend, and [Plaintiffs] would amend, and then we'll do another round and we'll be back here six months later[.]")) So, at the Court's suggestion, the parties filed a stipulation regarding the consent issue in which they agreed:

> 1. Plaintiffs A.A. and C.M. consented to the versions of Meta's Terms of Service, Privacy Policy, and Cookies Policy submitted in connection with Meta's Motion (Dkts. 13-7 through 13-18), which Terms and policies were in effect during the time Plaintiffs used Wisp's website, see Compl. ¶¶ 8-9 (alleging use of Wisp website between 2022 and 2024).
> 2. Plaintiffs intend to seek leave to file an amended complaint to address arguments concerning the issue of consent raised at the May 8, 2026 hearing on Meta's motion.

(Dkt. No. 41 at 3.)

//

**DISCUSSION**

Plaintiffs seek leave to file a FAC under Federal Rule of Civil Procedure 15(a)(2). Plaintiffs' proposed amendments (1) "add factual detail and supplemental allegations in support of the existing causes of action," (2) add a wiretap claim under 18 U.S.C. § 2511, and (3) "address the consent arguments raised at the May 8, 2026 hearing on Meta's Motion to Dismiss." (Dkt. No. 43 at 2.) For example, Plaintiffs propose adding allegations regarding "privacy representations on Wisp's website" to assert patients had "no reason to believe their communications were being intercepted and recorded." (Dkt. No. 43-1 ¶¶ 31-32.) The proposed complaint also adds examples of information tracked by Meta's Pixel tool which were not alleged in Plaintiffs' prior complaints. (*See, e.g.*, *id.* ¶¶ 52 (alleging the Pixel tracked the "PageView" and "ViewContent" events), 53 (alleging the Wisp website "contained symptoms quizzes, where patients could enter their confidential medical symptoms and Wisp would assist them with recommending different treatment options or scheduling a medical appointment.")) Plaintiffs initially sought leave to add two claims, but no longer seeks leave to add a CIPA Section 631 claim. (Dkt. No. 48 at 9.)

Leave to amend should be "freely given" unless there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[, or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up). Of these factors, "the consideration of prejudice to the opposing party […] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant opposes leave to amend, stressing these Rule 15(a) factors counsel against leave because the FAC would essentially constitute Plaintiffs' "fifth complaint." (Dkt. No. 47 at 1 (italics removed).) First, Defendant asserts Plaintiffs delayed in alleging facts about information that Wisp's website transmitted, *i.e.*, the "PageView" and "ViewContent" events, because Plaintiffs failed to allege those details in their prior complaints, and allowing those amendments would prejudice Defendant by requiring it to "expend even more resources to respond to facts that Plaintiffs could have alleged all along." (*Id.* at 12-13.) Second, Defendant argues Plaintiffs' new "allegations related to consent and intent" are futile because they do not show Defendant's

requisite intent to violate CIPA, and "Plaintiffs have known the basis for these allegations since the beginning of this litigation" because "Plaintiffs *actually alleged* similar facts" in the prior lawsuit. (*Id.* at 14.) Third, Defendant maintains Plaintiffs should not be given leave to assert the wiretap claim (18 U.S.C. § 2511) because Plaintiffs raised then dismissed this exact claim in the prior lawsuit, meaning Plaintiffs have known the facts and theories underlying this claim for roughly a year and a half. "Undue delay, bad faith, and prejudice all counsel against allowing that" new claim. (Dkt. No. 47 at 8.)

Given leave to amend should be freely given, the Court grants Plaintiffs' motion. Although this lawsuit has been pending for nearly two years, no discovery has been conducted and there has not been a ruling on a motion to dismiss. So, although Defendant's argument the FAC would essentially be Plaintiffs' fifth complaint is well-taken, that this case is in its early stages and Plaintiffs are not adding a new party means amendment does not prejudice Meta. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987). Additionally, Plaintiffs' new allegations are relevant to the issue of consent, which the Court emphasized at oral argument for Defendant's motion to dismiss, as well as Defendant's other arguments. (*See, e.g.*, Dkt. No. 13 at 25-26 (arguing "[a]ccording to Plaintiffs' own allegations, then, Meta received only 'events' (not Plaintiffs' communications)," and Plaintiffs do not allege those communications were confidential because Meta tracked events merely showing "purchase information"); Dkt. No. 43-1 ¶¶ 52-53 (alleging more "events" which Defendant tracked and alleging the Wisp website had "quizzes" related to medical treatments and appointments).) Given Defendant intends to test the sufficiency of Plaintiffs' allegations, it benefits all parties for Plaintiffs' new allegations to be tested earlier rather than later. (*See* Dkt. No. 40 at 10:21-24 (explaining if the Court had granted Defendant's motion to dismiss, it would have been with leave to amend, then Plaintiffs would amend, requiring another round of dispositive motion practice).) Further, there has not been a ruling on the sufficiency of Plaintiffs' allegations, so it is premature to say amendment would be futile. *See Leighton*, 833 F.2d at 188 ("[C]ase law requires that if, after reviewing the record, this court finds a colorable federal claim in [a] proposed […] amended complaint, it must reverse the district court's denial of leave to amend.")

Finally, Defendant's argument "[u]ndue delay, bad faith, and prejudice all counsel against allowing" the proposed wiretap claim (Dkt. No. 47 at 8) is unavailing. As relevant here, 18 U.S.C. § 2511(1) makes it unlawful to intentionally (1) intercept, (2) disclose the contents of, or (3) use the contents of "any wire, oral or electronic communication." 18 U.S.C. § 2511(1)(a), (c), (d). Plaintiffs' proposed claim alleges Defendant violated all three of those provisions. (Dkt. No. 43-1 ¶¶ 152-154.) However, the statute is not violated when the alleged wiretapper "is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d). Plaintiffs' proposed claim alleges the consent exception does not apply because Defendant intercepted communications "for the purpose of committing criminal and tortious acts, including the knowing receipt and use of unlawfully disclosed medical and protected health information–conduct that is criminal under California law, Cal. Civ. Code § 56.36(c)(3)(A) and (c)(5)." (Dkt. No. 43-1 ¶ 155.)

Admittedly, Plaintiffs' initial motion does not specifically address why they should be granted leave to add this claim. (*See generally* Dkt. No. 43.) Rather, in Reply,[2] Plaintiffs note they brought a similar wiretap claim in their prior lawsuit. The claim asserted the § 2511(2)(d) consent exception did not apply because Meta and Wisp intercepted communications for the purpose of violating the Health Insurance Portability and Accountability Act ("HIPAA"). (Dkt. No. 48 at 7 (citing Dkt. No. 38 ¶ 157 in the prior suit).) Plaintiffs dismissed that claim because "they had serious doubts as to whether" they could state a claim alleging Meta had "the purpose" of violating HIPAA. (*Id.*) Plaintiffs' proposed wiretap claim, however, alleges Meta had "the purpose" of violating a different statute: "Cal. Civ. Code § 56.36(c)(3)(A) and (c)(5)."[3] (Dkt. No.

[2] Given the first time Plaintiffs specifically addressed the wiretap claim was in Reply, the Court grants Defendant's administrative motion to file a sur-reply and considers the sur-reply below. (Dkt. No. 49.)

[3] Civil Code Section 56.36(b) authorizes causes of action against those who "negligently release[] confidential information or records." Cal. Civ. Code § 56.36(b). The sections quoted in the proposed complaint, respectively, provide "[a] person or entity" shall be liable for civil penalties if they (1) "knowingly or willfully obtain[] or use[] medical information," or (2) "knowingly and willfully obtain[], disclose[], or use[] medical information without written authorization from the patient." *Id.* §§ 56.36(c)(3)(A), (c)(5).

43-1 ¶ 155.)

Given this case is in its early stages and the proposed wiretap claim is styled differently than the wiretap claim in the prior lawsuit, the Court does not find amendment would reward "[u]ndue delay, bad faith, [or] prejudice." (Dkt. No. 47 at 8.) Unlike the prior lawsuit's wiretap claim, the proposed wiretap claim attempts to overcome the issue of Plaintiffs' consent by invoking California Civil Code § 56.36(c). And Plaintiffs articulate a good-faith, non-dilatory reason for why they did not earlier bring this version of the wiretap claim: a May 14, 2026 decision from the California Supreme Court, *J.M. v. Illuminate Educ., Inc.*, 19 Cal. 5th 705 (2026).[4] In other words, while Plaintiffs may have known the facts underlying their proposed claim, they did not know the theory until *J.M.* was decided. Defendant emphasizes "Plaintiffs' explanation is implausible" because *J.M.* is "a data breach case where the plaintiff sued a company for *negligently storing* medical information in violation of Section 56.101(a)," yet "Section 56.101 is not cited anywhere in the proposed amended complaint" and "has never been[] part of this case." (Dkt. No. 49-1 at 5-6 (emphasis in original).) True, the proposed FAC does not cite Section 56.101, but Section 56.101 specifically provides an entity that violates the statute "shall be subject to the remedies and penalties provided under" Sections 56.36(b) and (c). Cal. Civ. Code § 56.101(a); *see J.M.*, 19 Cal. 5th at 720-722 (quoting Section 56.101 and interpreting it together with Section 56.36(b)).

In any event, to the extent Defendant may eventually demonstrate "*J.M.* provides no basis" for Plaintiffs' wiretap claim because *J.M.* addressed "negligently storing medical information,"

[4] There, the defendant experienced "a data breach that resulted in unauthorized access to […] medical information." *Id.* at 710-11. As relevant here, the plaintiff sued under California Civil Code § 56.101, which provides "[a] covered entity 'who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information shall be subject to the remedies and penalties provided under subdivisions (b) and (c) of Section 56.36.'" *Id.* at 720 (citing Cal. Civ. Code § 56.101(a)). Plaintiffs here assert their wiretap claim became viable because *J.M.* held a defendant can be liable for "fail[ing] to preserve the confidentiality of information […] whether or not anyone actually views" the information, and the "key criterion" in evaluating such a claim is "whether the information is exposed to a significant risk of unauthorized access or use." *Id.* at 721-22. In so holding, the court "reject[ed] the rule" announced in prior California Court of Appeal decisions "that no breach of confidentiality has occurred until medical information is actually viewed by an unauthorized person." *Id.* at 721. In Plaintiffs' view, that now-rejected "actually viewed" rule precluded them from bringing their wiretap claim until now.

that does not necessarily mean "Plaintiffs' explanation is implausible." (Dkt. No. 41 at 5-6.) Maybe Plaintiffs misread *J.M.*, but it is not "implausible" to make flawed legal arguments in good faith. *Cf.* Fed. R. Civ. P. 11(b)(2) (providing a complaint's "claims" and "legal contentions" must be "warranted by existing law or by a nonfrivolous argument for extending[ or] modifying […] existing law"); *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (holding, for purposes of sanctions under 28 U.S.C. § 1927, "bad faith is present when an attorney *knowingly or recklessly* raises a frivolous argument […] for the purpose of harassing an opponent"). Moreover, "[w]hether an attorney acted […] in bad faith is a factual finding," *cf. id.*, and a denial of leave to amend must be accompanied by "specific findings […] of bad faith." *Leighton*, 833 F.2d at 186–87. That Plaintiffs may have misinterpreted *J.M.*, a decision that was four days old at the time Plaintiffs filed the instant motion, is not enough to find Plaintiffs' seek leave to amend in bad faith.

Accordingly, the Court grants Plaintiffs' motion.

**CONCLUSION**

As explained above, the Court grants Plaintiffs' motion for leave to file a FAC without prejudice to Defendant filing a motion to dismiss. Plaintiffs shall file the proposed amended complaint, without the Section 631 claim, within a week of this Order. The Court sets an initial case management conference for September 9, 2026 at 2:00 p.m. via Zoom video. A joint case management conference statement is due one week in advance.

This Order disposes of Docket Nos. 43 and 49.

**IT IS SO ORDERED.**

Dated: July 23, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge